IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| ELBA I. PEREZ-AQUINO,<br><br>    Plaintiff,<br><br>    v.<br><br>BOSTON MUTUAL LIFE INSURANCE COMPANY,<br><br>    Defendants. | CIVIL NO. 15-1095 (PAD) |

**MEMORANDUM AND ORDER**

Delgado Hernández, District Judge.

Elba Pérez-Aquino sued Boston Mutual Life Insurance Company in state court to recover allegedly unpaid benefits and overcharged premiums due to her under a disability income insurance policy. Boston Mutual removed the case on the basis of diversity (Docket No. 1). Before the court is plaintiff's "Motion to Remand" (Docket No. 12), which Boston Mutual opposed (Docket No. 25). Plaintiff replied (Docket No. 40), and Boston Mutual sur-replied (Docket No. 44). For the reasons below, the motion is DENIED.

**I.   DISCUSSION**

On October 10, 2014, plaintiff initiated the action in the Hatillo Part of the Court of First Instance of Puerto Rico (Docket No. 1, Exh. 1). On December 12, 2014, she purportedly served Boston Mutual with process. On February 3, 2015, Boston Mutual removed the case. The question here is whether removal was timely. To that end, 28 U.S.C. § 1446(b)(1), specifies that:

> [t]he notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within 30 days after the service of summons upon the defendant if such initial

>pleading has then been filed in court and is not required to be served
>on the defendant, whichever period is shorter.

Based on the Supreme Court's ruling in Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc., 526 U.S. 344, 347-348 (1999), the removal period starts running with proper service of process under state law.[1]  See, In re Pharmaceutical Industry Average Wholesale Price Litigation, 307 F.Supp.2d 190, 195 (D. Mass. 2004)(so noting).  Plaintiff alleges that remand is appropriate because Boston Mutual filed the Notice of Removal more than 30 days after the complaint and summons were served.  Boston Mutual contests plaintiff's assertion, pointing out it had not been properly served with process when the action was removed.

   A.  Puerto Rico Law

Article 3.270 of the Puerto Rico Insurance Code provides for service of process upon a foreign insurer doing business in Puerto Rico.  P.R. Laws Ann. tit. 26 § 327.[2]  That process may be effected through the Office of the Insurance Commissioner of Puerto Rico ("OICPR"), or through an agent designated for that purpose in Puerto Rico pursuant to Article 3.17(i) of the Insurance Code, P.R. Laws Ann. tit. 26 § 317(i).  In that regard, Section 317(1)(i) states that a foreign insurer must deposit or file with OICPR:

>… a certificate duly signed by its executive head and authenticated
>by the corporate seal, if any, whereby the insurer consents to be sued
>in the courts of Puerto Rico for any cause of action arising against it

---

[1] In Murphy Brothers, plaintiff filed suit in Alabama state court and faxed a courtesy copy of the complaint to defendant, but did not serve the complaint until 14 days after.  Then, 30 days after service, but 44 days after receiving the faxed copy of the complaint, defendant removed the case to federal court.  Plaintiff sought to remand the case to state court on timeliness grounds under 28 U.S.C. § 1446(b).  The Supreme Court rejected plaintiff's request, holding that "[a] named defendant's time to remove is triggered by simultaneous service of the summons and complaint, or receipt of the complaint, 'through service or otherwise,' after and apart from service of the summons, but not by mere receipt of the complaint unattended by any formal service."  526 U.S. at 347-348.

[2] A foreign insurer is an insurer incorporated or organized pursuant to the laws of a state of the United States.  Article 40.030(5) of the Puerto Rico Insurance Code.  See, P.R. Laws Ann. tit. 26 § 4003(5).  It is undisputed that Boston Mutual is a foreign insurer in Puerto Rico.

> in Puerto Rico, stating that legal process may be served on the [OICPR], or … on the insurer's agent residing in Puerto Rico, whose name and address shall be shown in the certificate, and that any process so served shall be deemed served on the insurer. Id.

B. OICPR

Plaintiff claims that removal was untimely because on December 12, 2014 she served process upon Boston Mutual through OICPR (Docket No. 12 at p. 2). The OICPR is considered a statutory agent, that is, a government entity authorized to receive service of process on behalf of nonresidents in order to facilitate the initiation of court proceedings by residents of the enacting state. Colello v. Baker Material, 849 F.Supp. 3, 5 (D.Me. 1994); Renaissance Marketing, Inc. v. Monitronics Intern., Inc., 606 F.Supp.2d 201, 206 (D.P.R. 2009).

When the service is effected on a statutory agent, the time period does not start until the defendant has in fact received the summons and complaint. See, Gordon v. Hartford Fire Ins. Co., 105 Fed.Appx. 476, 480-81 (4th Cir. 2004)(so holding); Renaissance Marketing, Inc., 606 F.Supp.2d at 206; Tucci v. Hartford Financial Services Group, Inc., 600 F.Supp.2d 630, 634 (D.N.J. 2009); White v. Lively, 304 F.Supp.2d 829, 831 (W.D.Va. 2004); Lilly v. CSX Transp., Inc., 186 F.Supp.2d 672, 675 (S.D.W.Va. 2002); Hibernia Community Development Corp., Inc. v. U.S.E. Community Services Group, Inc., 166 F.Supp.2d 511, 513 (E.D.La. 2001); Wilbert v. Unum Life Ins. Co., 981 F.Supp. 61, 63 (D.R.I. 1997); Medina v. Wal-Mart Stores, Inc., 945 F.Supp. 519, 520 (W.D.N.Y. 1996).

Boston Mutual certified by way of a letter from the Director of the OICPR's Legal Affairs Division that albeit OICPR was served on December 12, 2014, it never notified Boston Mutual

(Docket No. 25, Exh. 1).[3]  By extension, service of process through OICPR did not trigger the 30-day removal period.

    C.  General Agent

Plaintiff contends to have served Boston Mutual through Selecta Insurance Agency, Inc., Boston Mutual's general agent (Docket No. 27, Exh. 1).  But Boston Mutual had designated José Rodríguez-Fraticelli, not Selecta, to receive process on its behalf.  See, Boston Mutual's "Certificate of Consent to be Sued and Appointment of Agent on Whom Legal Process May be Served; Appointment of General Agent Manager" (Docket No. 25, Exh. 2).  And plaintiff never served process on José Rodríguez-Fraticelli in his capacity as Agent for Service of Process but as President of Selecta.  In consequence, it cannot be said that she properly served process on Boston Mutual prior to removal.

Plaintiff argues that Rule 4.4(e) of the Puerto Rico Rules of Civil Procedure permits service of process on a general agent, and for the same reason, that service was effected more than 30 days prior to removal (Docket No. 40 at p. 3).[4]  In other contexts the argument could support plaintiff's view, but not here.  The Puerto Rico Insurance Code defines "general agent" as:

> …the person appointed by an insurer as an independent contractor, or who is totally or partially on commission, with general powers or duties to inspect the execution and operations of the policy services of the insurer, to contract authorized representatives for the insurer, and to perform other functions the latter may confer pursuant to the terms of the contract, such as: (1) Receive and accept business

---

[3] The Director of Legal Affairs avers not having notified Boston Mutual after relying on the process server's representations that the summons was a courtesy copy because Boston Mutual would be served through its agent, Selecta Insurance Agency Inc.  On those grounds, OICPR did not request payment of the $3.00 service fee set in P.R. Laws Ann. tit. 26 § 328. (Docket No. 25, Exh. 1).

[4] Rule 4.4(e) states that summons may be made "[u]pon a corporation, company, partnership, association or any other artificial person, by delivering a copy of the summons and of the complaint to an officer, administrative manager or general agent, or to any other agent authorized by appointment or designated by law to receive service of process." P.R. Laws Ann. tit. 32 Ap. III (2009), R. 4.4(e).

> solicited or negotiated by producers; (2) Compute rates; (3) Countersign the policies; (4) Issue endorsements, countersign and maintain records thereof; (5) Train producers about the new products available; (6) Process the loss experience; (7) Process policy cancellations; (8) Invoice and collect the corresponding premiums; (9) Process and carry out the return of premiums; (10) Process and carry out the payment of commissions to producers; (11) Select risks according to the established underwriting guidelines.
>
> P.R. Laws Ann. tit. 26 § 949(e).

From the text, it is apparent that a general agent lacks the authority to receive process on behalf of an insurer. The agent receives that authority by designation, as mentioned earlier, under Article 3.17(i) of the Insurance Code, P.R. Laws Ann. tit. 26 § 317(i). On that basis, removal was timely.

## II.     CONCLUSION

Remand is not warranted. The 30-day removal period had not expired when Boston Mutual removed the action. Service of process had not been effected as provided for by Puerto Rico law. See, Novak v. Bank of New York Mellon Trust Co., NA., 783 F.3d 910, 911 (1st Cir. 2015)(holding that defendant may remove state-court action to federal court after lawsuit is filed but before it is formally served). Hence, the court DENIES plaintiff's "Motion to Remand" (Docket No. 18).

**SO ORDERED.**

In San Juan, Puerto Rico, this 2nd day of December, 2015.

S/Pedro A. Delgado-Hernández
PEDRO A. DELGADO-HERNÁNDEZ
United States District Judge
